UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KANISHA THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   1:16-cv-01321-JBM-JEH |
| | ) | |
| HEARTLAND HEALTH CARE, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION & ORDER**

The matter before the Court is Plaintiff's Amended Complaint (Doc. 4), Motion for Leave to Proceed in forma pauperis (Doc. 2), and Motion to Request Counsel (Doc. 3). Plaintiff's Motion for Leave to Proceed in forma pauperis is granted. Because plaintiff is proceeding in forma pauperis, her complaint must be screened pursuant to 28 U.S.C. § 1915. Plaintiff's Title VII claims are dismissed because they are untimely. Plaintiff has sufficiently stated a claim of racial discrimination, in violation of 42 U.S.C. § 1981. Lastly, Plaintiff's Motion to Request Counsel is denied because Plaintiff has not sought to find her own representation without court assistance.

### I.  BACKGROUND

Around June 2015, while Plaintiff was working for Heartland Health Care, she began experiencing workplace harassment and racial prejudice by a third party visitor. (Doc. 4-1). Plaintiff reported the problem to an employee hotline. *Id*. The harassment continued until the third-party individual pushed her fingers into Plaintiff's face and told her to stop reporting her. *Id*. Plaintiff reported the

harassment, physical threats, and racial slurs to her administrator, who told her not to take offense to it. *Id*. Plaintiff then reported the harassment to the police. *Id*. Plaintiff's administrator then suspended her while the administrator investigated the situation. *Id*. Plaintiff was discharged on July 27, 2015 after filing her report with the police. *Id.; see also (*Doc. 4 at 4).

Plaintiff filed charges of racial discrimination, work place harassment, and retaliation with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission (EEOC). (Doc. 4-1). Plaintiff received her Notice of Right to Sue from the EEOC on February 17, 2016.[1] (Doc. 4 at 3). Plaintiff filed this Complaint on August 29, 2016. (Doc. 1). Plaintiff filed an Amended Complaint on September 28, 2016. (Doc. 4). Plaintiff alleges that Defendant discriminated against her because of her color and her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and in violation of 42 U.S.C. § 1981. (Doc 4 at 2).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court grants Plaintiff's Motion to Proceed in forma pauperis. A court may allow a civil suit to proceed without the prepayment of fees when a plaintiff submits an affidavit that includes a statement of all their assets, and shows that they are unable to pay filing fees or provide security for the payment of a filing fee. 28 U.S.C. § 1915(a)(1). The affidavit must "state the nature of the action . . . and affiant's belief that the person is entitled to redress." *Id*. However, the "privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished

---

[1] Plaintiff has yet to file a copy of her Notice of Right to Sue letter. The Court has requested it three times, but Plaintiff has failed to produce it. *See* Text Orders from September 9, 2016 and September 28, 2016.

2

litigants who, within a district court's discretion, would remain without legal remedy if such privileges were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

In support of her Motion, Plaintiff states under penalty of perjury that she has an income of $1,144 per month and expenses of $1,100 per month. (Doc. 2). Additionally, she states that she has assets and savings of only $25. *Id.* Based on Plaintiff's submission, the Court concludes that she is entitled to proceed in forma pauperis.

### III.  28 U.S.C. § 1915 SCREENING

Under 28 U.S.C. § 1915(e)(2), the court must screen complaints proceeding in forma pauperis. The court must then dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because Plaintiff alleges two distinct theories of discrimination, the claims will be screened separately. Plaintiff's Title VII claims are dismissed without prejudice because Plaintiff failed to bring her complaint within the statutorily required ninety day period. Based on its initial screening, the Court cannot find that Plaintiff's § 1981 claim should be dismissed.

When evaluating whether a pro se plaintiff has stated a claim under § 1915(e)(2)(B) de novo, courts use the same standards as that which apply to Rule 12(b)(6) dismissals. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Therefore, the court will take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff. *Id.* (citing *Arnett v.*

*Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A plaintiff need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 733, 776-77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a pro se complaint is to be construed liberally and held to "less stringent standards than a formal pleadings by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### A. Plaintiff's Title VII Claims

The Plaintiff did not file her Title VII claims within ninety days of the date she states she received her Notice of Right to Sue Letter; therefore, her Title VII claims are time-barred. Title VII of the Civil Rights Act of 1964 requires that a plaintiff first file her complaint with the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5. After a plaintiff has received permission, via a Notice of a Right to Sue Letter, a plaintiff has ninety days to bring her claims in the federal courts. 42 U.S.C. § 2000e-5.

In her amended complaint, Plaintiff stated that she received her Notice of a Right to Sue letter on February 17, 2016. (Doc. 4). Ninety days after that date was May 17, 2016. However, Plaintiff did not file her original complaint until August 29, 2016, which is well-past her ninety day deadline. The issue of timeliness is an affirmative defense, rather than a jurisdictional requirement. *Zipes v. TWA*, 455 U.S. 385, 393 (1982). Therefore, the court does not typically address it while screening a complaint, but rather, waits for the defendant to raise timeliness as an affirmative defense. *Calvin v. Sub-Zero Freezer Co.*, No. 16-cv-552-JDP, 2016 U.S. Dist. LEXIS 108995, at *5 (W.D. Wis. Aug. 17, 2016) (citing *E.E.O.C. v. Watkins Motor Lines, Inc.*,

4

553 F.3d 593, 596 (7th Cir. 2009)). However, the United States Court of Appeals for the Seventh Circuit has instructed district courts to invoke affirmative defenses on behalf of defendants, who have not had the chance to do so, only if it is plain from the language of the complaint that the affirmative defense renders the suit frivolous. *Id.* (citing Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002)). Therefore, based on Plaintiff's complaint, her Title VII claims are time-barred.

However, because the Plaintiff is *pro se*, the Court believes she may have been mistaken about her Notice of Right to Sue Letter when filling out her complaint. In addition to writing the date, Plaintiff wrote "I think. Not sure." (Doc. 4 at 3). Plaintiff has also failed to include a copy of her Notice of Right to Sue letter, despite the Court asking for it several times. *See* Text Orders from September 9, 2016 and September 28, 2016. Because the Court believes Plaintiff may have mistakenly filled out the Notice of Right to Sue letter date incorrectly, the Court dismisses Plaintiff's Title VII claims without prejudice. Plaintiff has twenty-one days to file an amended complaint that correct her deficiency, including her missing Notice of Right to Sue letter.

### B. PLAINTIFF'S § 1981 CLAIM

Plaintiff sufficiently pleaded a § 1981 claim. Unlike Title VII claims, § 1981 claims are not required to be first filed with the EEOC and plaintiffs are not required to receive a Notice of Right to Sue letter. *Smith v. Bray*, 681 F.3d 888, 907 n.2 (7th Cir. 2012). Section 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a). To state a prima facie claim for

relief under § 1981, plaintiffs "must show that (1) they are members of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Morris v. Office Max*, 89 F.3d 411, 414 (7th Cir. 1996). Additionally, at the pleading state, intent may generally be averred in race discrimination claims. *Conway v. Chi. Hous. Auth.*, No. 11-C-7257, 2013 U.S. Dist. LEXIS 41617, at *20 n.12 (N.D. Ill. Mar. 25, 2013) (citing *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)).

Although not explicitly enumerated in the statute, a claim of employment discrimination is actionable under § 1981. *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1034 (stating that discriminatory layoffs are clearly protected under § 1981, because they relate to the performance or modification of a contract of employment). Congress specifically amended § 1981 to extend it to "claims of harassment, discharge, demotion, promotion, transfer, retaliation and hiring." *Hoi Thi Huynh v. Chicago Bd. of Educ.*, No. 01-C-2893, 2001 U.S. Dist. LEXIS 16865, at *7 (N.D. Ill. Oct. 12, 2001) (citations omitted).

Plaintiff has sufficiently stated a prima facie claim for relief. She stated that her employer permitted ongoing racial harassment and terminated her employment in retaliation for her complaints. (Doc. 4-1).[2] Therefore, the Court cannot currently find Plaintiff's § 1981 claims insufficient.

---

[2] This allegation comes from a copy of Plaintiff's Charge of Discrimination for the Illinois Department of Human Rights, which was attached to the Complaint as Exhibit 1. Any exhibits attached to a complaint are considered part of the pleadings. Fed. R. Civ. P. 10(c).

### IV. MOTION FOR COUNSEL

Plaintiff's Motion for Counsel is denied because she has failed to show that she has attempted to acquire counsel on her own. A civil litigant is not entitled to a court-appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the court may request an attorney to represent an indigent litigant. 28 U.S.C. § 1915(e)(1). The decision whether to appoint counsel is generally left to the discretion of the Court. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). However, the Court has several considerations before it will appoint counsel.

First, the plaintiff must show that she made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff has failed to show that she made a reasonable attempt to acquire representation on her own. Plaintiff has filed two Motions for Counsel (Doc. 3, Doc. 6). Both Motions ask her to "attach documentation showing that you have asked several attorneys to represent you in this case." *Id*. Plaintiff has failed to file any documentation on either motion to show that she sought representation from attorneys. Therefore, Plaintiff has not made a reasonable attempt to acquire counsel and her motion is dismissed.

If the plaintiff had made the proper attempt, then the court would consider whether, "given the difficulty of the case," she appears able to litigate it herself, and if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Pruitt*, 503 F.3d at 655-56, 660. Because Plaintiff has not made a reasonable request, the Court will not consider these factors. Plaintiff's Motion for Counsel is denied.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is GRANTED. Plaintiff's Motion to Request Counsel (Doc. 3) is DENIED. Plaintiff's duplicative motions (Doc. 5 and Doc. 6) are DISMISSED AS MOOT, because they are identical to her original motions (Doc. 2 and Doc. 3).

Plaintiff has stated a claim against Heartland Health Care for a violation of 42 U.S.C. § 1981.

Plaintiff has failed to state a claim that Defendant discriminated against her on the basis of race and color under Title VII because she has failed to file a timely complaint. Plaintiff may, as a right, file an amended complaint correcting the deficiency of her Title VII claims within 21-days of the Complaint's service on Defendant or within 21 days after Defendant serves a responsive pleading or motion to dismiss. See Fed. R. Civ. P. 15(a)(1). If she wishes to amend the Complaint after that time has expired, she must either obtain consent from Defendant or leave from the Court.

The Court directs the Clerk to prepare a summons and copy of the Complaint for the United States Marshal, who is DIRECTED to serve it on Defendant in accordance with Federal Rule of Civil Procedure 4.

Entered this __7th__ day of November, 2016.

                                               s/ Joe B. McDade
                                               JOE BILLY McDADE
                                    United States Senior District Judge